■ In the Matter of ALAN BLACK, Respondent, v. THERMASOL LTD., Appellant.— Order and judgment unanimously modified to delete the first, second and third decretal paragraphs and in lieu thereof to provide that the respondent-appellant shall serve and file an answer to the petition within five days after service of the order entered hereon with notice of entry, and as so modified affirmed, without costs. In view of the fact that the petitioner, as a qualified stockholder of the corporation, on December 31, 1963, served upon the corporation a demand for an inspection of its books and records, this proceeding was timely brought and the motion to dismiss the petition was properly denied but the respondent-appellant should have been permitted to answer. The petition sought and the order granted an inspection, among other items, of "the complete books and records of account" of the respondent corporation. While the petitioner as a stockholder is not entitled to such an inspection as a matter of course (see Business Corporation Law, § 624), this article 78 proceeding is maintainable to secure such an inspection in a proper case. (See Business Corporation Law, § 624, subd. [f]; McKinney's Cons. Laws of N. Y., Book 6, part 2, p. 463, Analysis of Business Corporation Law.) Where, however, as here, an objection is made in point of law by a motion to dismiss the petition in such a proceeding, the court, upon denial of the motion, should permit the respondent to answer. (CPLR 7804, subd. [f].) The right of the respondent here to answer was not waived. By letter addressed and sent to the court before the signing of the order denying the motion to dismiss, the respondent made known that it was insisting on the right to answer. Concur — Botein, P. J., Breitel, Valente, Stevens and Eager, JJ.